PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

KASHIKA S. SPEED,                           )
                                            )    CASE NO. 4:16cv444
            Plaintiff,                      )
                                            )
      v.                                    )    JUDGE BENITA Y. PEARSON
                                            )
BEDARD, WARDEN, *et al.*                    )
                                            )    **MEMORANDUM OF OPINION AND**
            Defendants.                     )    **ORDER** [Resolving ECF No. 2]


      *Pro se* Plaintiff Kashika S. Speed, a federal inmate at the privately operated Northeast

Ohio Correctional Center ("NEOCC"), brings this *in forma pauperis* civil rights action under 42

U.S.C. § 1983 against NEOCC Warden Bedard, NEOCC Counselor Dutton, NEOCC Security

Officer R. Wyman, and NEOCC Security Chief Yemma.  Although unclear, Plaintiff's

Complaint appears to allege as follows: his mail was improperly tampered with and partially

confiscated (ECF No. 1 at PageID #: 7); he was unfairly placed in the Segregated Housing Unit

on suspicion of possessing contraband (ECF No. 1 at PageID #: 9); and Defendant Wyman

referred to him in a racially derogatory manner.  *Id.*[1]  Plaintiff has also moved to proceed *in*

*forma pauperis*.  ECF No. 2.  For the reasons stated below, Plaintiff's motion is granted, and this

---

[1]  Plaintiff filed another action against Wyman.  *See Speed v. Wyman, et al.* No.
4:16CV0439 (N.D. Ohio filed Feb. 25, 2016).  In that case, Plaintiff also alleges that Wyman
referred to him with a racial epithet.  That related case is also dismissed without prejudice to any
valid state law claim Plaintiff may have under the facts alleged.

(4:16cv444)

action is dismissed pursuant to 28 U.S.C. § 1915(e).

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

---

[2] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking 28 U.S.C. § 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 915 (6th Cir. 2007); *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986).

(4:16cv444)

Even if Plaintiff had set forth an otherwise valid claim, it would not be cognizable.  In

*Minneci v. Pollard*, 132 S. Ct. 617 (2012), the Supreme Court held that a federal prisoner could

not assert a *Bivens*[3] claim for deliberate indifference under the Eighth Amendment because

California state tort law provided an alternative, existing process capable of protecting the

constitutional interests at stake.  In so holding, the Court noted it had "found specific authority

indicating that state law imposes general tort duties of reasonable care . . . on prison employees in

every one of the eight States where privately managed secure federal facilities are currently

located," including Ohio.  *Id.* at 624–25.  The Court also stated that "where, as here, a federal

prisoner seeks damages from privately employed personnel working at a privately operated

federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and

where that conduct is of a kind that typically falls within the scope of traditional state tort law . . .

the prisoner must seek a remedy under state tort law."  *Id.* at 626.  Therefore, even construing the

Complaint liberally in a light most favorable to Plaintiff, *Brand v. Motley*, 526 F.3d 921, 924 (6th

Cir. 2008), it does not state a valid federal claim.

Accordingly, Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is granted and

this action is dismissed under 28 U.S.C. § 1915(e).  The dismissal is without prejudice to any

---

[3] *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).

3

(4:16cv444)

valid state law claim Plaintiff may have under the facts alleged. The Court certifies, pursuant to

28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.


      IT IS SO ORDERED.


 April 29, 2016                                /s/ Benita Y. Pearson
Date                                             Benita Y. Pearson
                                                 United States District Judge